

Latunya R. Ellis's; Executor of Estates
c/o 9650 Meade Cir. North
Olive Branch [Near 38654-9998]
MISSISSIPPI STATE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
UNITED STATES FOR AMERICA

| | |
|---|---|
| Latunya R. Ellis )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>COMCAST )<br>and Does 1-20, )<br>    Defendants, )<br>) | Case No. 3:13CV038-M-A |

---

COMPLAINT FOR VIOLATION OF ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT, CONSUMER CREDIT PROTECTION ACT, CONSPIRACY TO DEFRAUD, MAIL FRAUD AND WIRE FRAUD LEADS TO VIOLATION OF PUBLIC LAW 10, CHAPTER 48, STAT. 48-112; PUBLIC LAW 73-10 DISHONOR IN COMMERCE, INTERNATIONAL TREATY OF EXCHANGE.

---

Plaintiff, Latunya R. Ellis (Yahweh) brings this Complaint against COMCAST (COMCAST) pursuant to the Electronic Fund Transfers Act (EFTA) 15 U.S.C. § 1693, Consumer Credit Protection Act 15 U.S.C. 1673, Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1601 et seq., Consumer Credit Protection Act (CPCA) Public Law. 90-321, 82 Stat. 146, against COMCAST alleging the following:

**INTRODUCTION**

1. Plaintiff Latunya R. Ellis's brings this action, against Defendant COMCAST alleging wrongfully repossession, violations of 15 U.S.C. § 1693 et seq., which is commonly known as the Electronic Fund Transfers Act and 12 C.F.R. § 205 et seq., commonly known as Regulation "E", which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation "E" shall hereinafter be collectively referred to as the "EFTA").

2. The EFTA establishes the liabilities, and responsibilities of financial institutions. The primary objective of the EFTA and Regulation E is the protection of individual.

3. Plaintiff brings this action against Defendants based on violation of the EFTA. Plaintiff seeks, statutory damages, costs and fees, all of which are expressly made available by statute, 15 U.S.C. § 1693m. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action pursuant to sections 1983, 1985, 1986, and 1988, and invokes the jurisdiction of this court pursuant to Title 28 USC Section 1343 (A) (3) (4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section. 1983, and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## JUDICIAL NOTICE / COGNIZANCE WITH CLAIM OF RIGHTS

5. The Plaintiff, Latunya R. Ellis's an American Sentient, hereby declare and give "Notice" that she invoke the powers and protections of the Constitution and Bill of Rights of the State Of Mississippi and the Constitution and Bill of Rights of the United States Of America, promised her, so that an unequivocally, and unconditionally fair, just, and unbiased proceeding and conclusion of this lawsuit shall be effected.

## PARTIES

6. Plaintiff Latunya R. Ellis's ("Plaintiff") is a natural spirit woman who resides in Desoto County, Mississippi.

7. Defendant COMCAST (COMCAST) COMCAST is the nation's largest three-service municipal utility, serving nearly 430,000 customers. COMCAST has met the telecommunication needs of

Olive Branch and Desoto County residents by delivering cable, internet and telephone and cell services. COMCAST is supplied with electricity by the Mississippi Valley Authority (TVA), a federal agency that sells electricity on a nonprofit basis. COMCAST is TVA's largest customer, representing 11% of TVA's total load. There are nearly 430,000 electric customers.

8. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiff is informed and believe and based on such information and belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

9. "Defendant" means COMCAST and Defendant Does 1 through 20. Plaintiff is unaware of the true names of Defendants Does 1 through 20. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 20 when the

true names are ascertained, or as permitted by law or by the Court.

10. At all relevant times, each Defendant was the principal, agent, partner, officer, director, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationship to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint.

11. Plaintiff alleges that each Defendant acted pursuant to and within the scope of the relationship described above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

12. Plaintiff seeking damages for wrongful termination of services that COMCAST willfully, intentionally, and maliciously and without probable cause. There were no monthly payments in arrears and that defendant took the EFT PAYMENT without reason or cause and refused to return it.

**DECLARATORY RELIEF**

13. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. The dispute that has arisen between the Plaintiff and Defendants and each of them as to the duties and obligations of the respective parties with regard to the Plaintiff's debt.

15. These disputes concern but are not limited to the ownership rights and the validity of lawful EFT instrument submitted by Plaintiffs to Defendant.

**WRONGFUL TERMINATION OF UTILITY SERVICES**

16. Plaintiff incorporate herein by reference the allegations made in paragraphs 13 through 16, inclusive, as though fully set forth herein.

17. Plaintiff sent defendant COMCAST Electronic Funds Transfer "EFT" via certified mail #7011 1870 0000 2287 2689 EFT #2593 in the amounts of $3997.21 to discharge the associated debt. [EXHIBITS 1]

18. Defendant COMCAST accepted EFT #2593 in the amount of $3997.21 sighting **"The instrument is an acceptable form of payment and was applied to your account"** [EXHIBIT 2]

**Legal Tender No Longer Required.** In light of the holding of *Guaranty Trust Co. v. Henwood, 307 U.S. 247 (1939)*, take notice of…… "As of October 27, 1977, legal tender for discharge of debt is no longer required. That is because legal tender is not in circulation at par with promises to pay credit" *Baltimore and Ohio R.R. v. State 36 Md. 519 (1872)*.There can be no requirement of repayment in legal tender either, since legal tender was not loaned, nor in circulation and repayment, or payment, and need only be made in equivalent kind; a negotiable instrument."

**UCC 3-603 Clarification.** "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, **there is discharge,** to the extent of the amount of the tender….."and:

**CLOSED ACCOUNT:** An account to which no further additions can be made on either side, but which remains still open for adjustment and set-off, which distinguishes it from an account stated"
**Black's Law Dictionary, 6th Edition, Page 18**

### FRAUD

19. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 19, inclusive, as though fully set forth herein.

20. Defendant COMCAST credited Plaintiffs account and refused to return EFT instrument to plaintiff sighting a fatal defect with instrument for correction and resubmission to Defendant COMCAST.

21. Defendant COMCAST is required by UCC and applicable law to respond accordingly within a specific time frames by either

crediting Plaintiff's account properly, or in the case of a financial instrument with defects, noting said defects so that they can be corrected and returning the original untouched instrument via certified mail or the equivalent, so that the same could be corrected and returned to the financial institution for proper adjustment of the accounting.

§ 3-603. TENDER OF PAYMENT.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

22. Since Defendant COMCAST did accept the payment and credited same to Plaintiff, per UCC and related USC, Defendant

COMCAST has effectively discharged the associated debt in this matter.

23. The EFT instrument directed to and received by Defendant COMCAST, on October 14, 2012 was lawfully and properly prepared and directed, so as to set-off and discharge the debts associated with this specific account. Because the original untouched instrument, EFT was not returned to Plaintiff within the time limits and manner required for such instruments, this instrument has been lawfully accepted and/or transacted.

24. Further, as unnecessary, but additional fact and proof, the associated control number or wire transfer number is lawful proof that the account has been settled per instruction.

25. Thus, the Defendants and all of them engaged in unlawful and fraudulent act by disconnecting telecommunication services required for customers to have by law rightfully being denied.

26. As a result of the above alleged unlawful acts. Plaintiff has suffered general and special damages in an amount to be determined at trial.

## CONVERSION

27. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 27, inclusive, as though fully set forth herein.

28. On October 11, 2012 plaintiff paid the remaining balance owed $624.05 with EFT lawful instrument in the amount of $3997.21 which left a credit balance for the plaintiff in amount of -$3373.16 on plaintiff's account also owed back to plaintiff.

29. On October 14, 2012 defendant received the remaining balance owed to defendant in the amount of $3997.21

30. On about November 14, 2012 COMCAST turned Latunya R. Ellis's Services off committing double dip fraud.

31. The name of defendant's servant, agent, and employee is not known to the plaintiff, but the same is well known to defendant COMCAST.

32. Plaintiff avers that there were no monthly payments in arrears at the time the defendant turned services off, and that the defendant took said EFT without reason or cause.

33. At the time of the taking of the EFT by defendant, the said EFT had a reasonable retail market value of approximately

$39,970.21 Times ten total amount according to EFT Laws for which plaintiff seeks damages for said amount.

34. By reason of the fact that the taking of said EFT by defendant was willful, intentional, malicious, and without cause plaintiff seeks $100,000,000.00 U.S SILVER DOLLARS COIN/BULLION in exemplary damages against defendant to deter it from repeating trespass.

[C]onversion is an intentional tort, which means that it is any injury that one party intentionally inflicts upon another. Since conversion is intentional wrongdoing, the law provides that a plaintiff is not barred from recovery merely because of its own carelessness or negligence in the transaction or circumstances leading up to the conversion . . . .

*. . . The elements of good faith, intent or negligence do not play a part in an action for damages in conversion. It is not essential to conversion that the motive or intent with which the act was committed should be wrongful, willful or corrupt. The question of good faith, and the additional question or elements of motive, knowledge, ignorance, or care or negligence, are not involved in actions for conversion. The state of a person's knowledge with respect to the rights of an owner is of no importance and cannot in any respect affect the case.*

The general rule is that a person who exercises unauthorized acts of dominion over the property of another, in exclusion of another's rights or inconsistent [sic] is liable in conversion although the person acted in good faith and in ignorance of the rights or title of the owner.

**ELECTRONIC FUNDS TRANSFER ACT**

35. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 35, inclusive, as though fully set forth herein.

"Electronic funds transfer" is defined as "any transfer of funds... which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions..." 15 U.S.C. § 1693a(6); see also 12 C.F.R. § 205.3(b).

### PLAINTIFF'S ELECTRONIC FUNDS TRANSFERS WITH DEFENDANT

36. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 36, inclusive, as though fully set forth herein.

37. On or about October 11, 2012, Plaintiff submitted an instrument to COMCAST credit with specific instructions in order to have the debt associated with account number 09586 643660-03-0 to be discharged. This was an EFT instrument which was sent certified mail, #7011 1870 0000 2287 2689, under notary presentment.

38. Defendant COMCAST credit received this instrument on October 14, 2012 as demonstrated by notification from USPS. [EXHIBIT ?]

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

39. Plaintiff brings this Count against defendant 3 State Recovery as an action for damages for its violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

40. Defendant uses the mail and other instruments of interstate commerce to conduct its business.

41. The actions of the Defendant 3 State Recovery, as set out above, constitute a violation of 15 U.S.C. §1692(f)(6)(2003) because: (1) Defendant 3 State Recovery took non-judicial action to dispossess plaintiff of her services and (2) at the time of dispossession, Defendant had no right to Turn off services once debt was discharged.

42. Defendant COMCAST violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (2006) Plaintiff asserts that she was not in default and, therefore, the dis continue of services was wrongful.

### **FEDERAL RESERVE NOTES ARE NOT MONEY BY LAW**

Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 44, inclusive, as though fully set forth herein.

43. The Federal Reserve Bank in its booklet; MODERN MONEY MECHANICS page 3, states; "In the United States neither paper currency nor deposits have as commodities. Intrinsically, a dollar bill is just a piece of paper, deposits merely book entries."

44. The "giving a (federal reserve) note does **not** constitute payment." See *Echart v Commissioners C.C.A.,* 42 Fd2d 158.

45. The use of a (federal reserve) 'Note' is only a promise to pay. See *Fidelity Savings v Grimes*, 131 P2d 894.

46. Legal Tender (federal reserve) Notes are not good and lawful money of the United States. See *Rains v State*, 226 S.W. 189.

47. That (federal reserve) 'Notes do not operate as payment in the absences of an agreement that they shall constitute payment.' See *Blachshear Mfg. Co. v Harrell,* 2 S.E. 2d 766.

48. "Federal Reserve Notes are valueless." See IRS Codes Section 1.1001-1 (4657) C.C.H.).

**VIOLATION of 15 U.S.C. § 1693 et seq. and 12 C.F.R. 205 et seq.**

49. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 50, inclusive, as though fully set forth herein.

50. As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff for statutory damages pursuant to 15 U.S.C. § 1693m.

51. As a result of Defendant's violations of the EFTA, Plaintiff is entitled to recover costs of suit and reasonable fees.

**INJUNCTIVE RELIEF**

52. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 53, inclusive, as though fully set forth herein.

53. Defendants COMCAST and DOE Defendants 1 through 20 and their successors in interest will in the future engage in conduct in direct violation of the UCC, ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT and CONSUMER CREDIT PROTECTION ACT.

54. That unless enjoinment by this Court, Defendants and all of them will continue in their illegal practices as enumerated in this complaint to the detriment of the Plaintiff.

55. That unless enjoined by this Court, Plaintiff is in imminent threat that the illegal actions of the Defendants will result in the loss of their communication services,

and the termination continue of services and will suffer irreparable harm as a direct result of the unlawful conduct of the Defendants.

56. There is no adequate remedy at law for the damages which have be inflicted upon and suffered by plaintiff if the Defendants are not immediately enjoined from continuing with or commencing the credited bill statement.

57. Plaintiff will likely prevail on her claim on the merits of the claim that the Defendants are violating and have violated the UCC, ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT and CONSUMER CREDIT PROTECTION ACT.

58. Public policy requires that injunctive relief must be granted in this matter to stop the violations of the UCC, ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT and CONSUMER CREDIT PROTECTION ACT by the defendants and to prevent further loss and harm to the Plaintiff.

### PREMISES CONSIDERED, YOUR PLAINTIFF PRAYS:

**WHEREFORE** Name demands judgment against the defendants, jointly and severally, as follows:

    a. as compensatory damages, the sum of $50,000,000.00;

b.  as punitive damages, the sum of $50,000,000.00;

c.  all costs and disbursements of this action;

d.  the right to amend this complaint as warranted by further evidence and fact finding;

e.  and other such further relief as to the Court seems proper.

      TRIAL BY JURY IS HEREBY DEMANDED

                          Respectfully submitted,

*[signature]*

Latunya R. Ellis's
c/o 9650 Meade Cir. North
Olive Branch [Near 38654]
MISSISSIPPI STATE

## **VERIFICATION**

State of Mississippi    )
                        ) SS
County of Desoto        )


I, Latunya R. Ellis's in the attached Complaint for Damages, does affirm by her signature hereon, the facts and allege therein and further affirm said facts and allegations to be true and correct to the best of my knowledge and belief so help me YHWH.

                                                          _____
                                                          Latunya R. Ellis's


### CERTIFICATE OF SERVICE


Mike Mace, President
3-State Auto Recovery
3182 Jean Drive
Olive Branch, Mississippi 38118

_____
Latunya R. Ellis's
c/o 3194 Craig St.
Olive Branch [Near 38118] MISSISSIPPI STATE