**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LATUNYA R. ELLIS**                                                         **PLAINTIFF**

**v.**                                                  **NO.: 3:13CV38-MPM-SAA**

**COMCAST AND DOES 1-20**                                        **DEFENDANTS**

**ORDER**

This cause comes before the court on defendant's motion to dismiss or, in the alternative, motion to compel arbitration [Doc. 14]. The plaintiff has responded in opposition. After consideration of the memoranda submitted, and the relevant law, the court finds the motion to compel arbitration is due to be granted.

Comcast moves to dismiss the action pursuant to Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure. Comcast argues that the complaint fails to name all the parties of the action and is not being prosecuted in the name of the real party in interest.

The plaintiff brings this action alleging numerous causes of actions arising from the cancellation of Comcast services, including: conspiracy, fraud, conversion, § 1983 civil rights violations and violations of the electronic fund transfer act claims, among others.

Comcast argues that Azez Ellis signed the Comcast Service Work Order but Latunya Ellis is listed as the customer of Comcast and therefore, under Rules 10(a) and 17(a), dismissal is warranted. The court liberally construes the pleadings filed by the plaintiff because of her *pro se* status and does not find that dismissal of this action is proper under 10(a) or 17(a) Fed. R. Civ. Pro.

On the civil cover sheet under the section labeled "Attorneys," Ms. Ellis handwrote Yahoshua-Yisrael:Yahweh. This court, in a previous order pertaining to a different case in which both Yahoshua-Yisrael:Yahweh and Azez Ellis were referenced as the plaintiff, stated that:

> Plaintiff is strongly cautioned however that if he is not an attorney, he is forbidden from filing complaints on behalf of others. Furthermore, the court has before it other pending lawsuits and motions that contain both the Yahweh name and the Ellis name; the relationship between the two is not clarified in any of those filings.

*Yahweh v. AT&T*, 3:13cv36-MPM-SAA, (N.D. Miss. 2014). The court infers that Azez Ellis and the plaintiff in this matter, Latunya Ellis, have some type of relationship as well. Among other observations by the court, they share the same last name and in filings before this court they both have the same address on Craig Street in Memphis and the same PO Box in Mississippi.

The Comcast Service Work Order states in pertinent part, "[b]y signing below, I acknowledge receipt of the Comcast subscriber agreement. I agree to be bound by the Comcast subscriber agreement." The Comcast Agreement for Residential Services contains a valid, binding arbitration provision which governs the purported claims made in this lawsuit.

The arbitration provision states, "[i]f you have a dispute, you or Comcast may elect to arbitrate that dispute in accordance with the terms of this arbitration provision rather than litigate the dispute in court."

Pursuant to the Federal Arbitration Act, the court hereby compels arbitration and stays litigation of the claims pending the resolution of that arbitration. The arbitration provision is a valid and enforceable agreement and no grounds exist for the revocation of the agreement.

The court will therefore enter an administrative dismissal of this case since the matter will now be before an arbitration panel. The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket;

*i.e.,* administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

The motion to compel arbitration [Doc. 14] is GRANTED. The motion to strike filed by Comcast [Doc. 20] is dismissed as moot. This case is hereby closed administratively. The parties are to notify the court should the need for judicial intervention arise in this matter.

IT IS SO ORDERED this the 19th day of February, 2014.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**